## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANELLE DAVIS,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**GENIE RETAIL ENERGY, INC.,** a Delaware registered corporation and **RESIDENTS ENERGY LLC,** a New York registered company,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Danelle Davis ("Davis" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Genie Retail Energy, Inc. ("Genie Retail") and Defendant Residents Energy LLC ("Residents Energy") to stop both of the Defendants from violating the Telephone Consumer Protection Act by making unsolicited calls to consumers registered on the National Do Not Call registry ("DNC") and to other consumers, and to obtain monetary relief for all persons injured by Defendants' conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1.      Plaintiff Davis is a Weatherly, Pennsylvania resident.

2.      Defendant Genie Retail Energy is a Delaware corporation headquartered in Newark, New Jersey. Genie Retail Energy conducts business throughout this District and the United States.

3.      Defendant Residents Energy is a New York limited liability company headquartered in Newark, New Jersey. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.      This Court has personal jurisdiction over both Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Genie Retail Energy and Defendant Residents Energy reside in this District, and because the calls were directed from this District.

## INTRODUCTION

6.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

7.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

8.      Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

9.     According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

10.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## COMMON ALLEGATIONS

11.     Defendant Genie Retail Energy is a wholly-owned subsidiary of Genie Energy Ltd.[1]

12.     Defendant Genie Retail Energy offers electricity and natural gas to residential and commercial customers throughout the U.S. through Genie Energy Ltd. owned companies IDT Energy, Residents Energy, Town Square Energy and Mirabito Natural Gas.[2]

13.     Both Genie Energy Ltd., and Defendant Genie Retail Energy co-own Defendant Residents Energy.[3]

14.     Defendant Genie Retail Energy operates Defendant Residents Energy, including the day-to-day operations and marketing of Residents Energy.[4]

15.     Residents Energy is a retail provider of electricity and natural gas to consumers.[5]

---

[1] https://www.prweb.com/releases/2015/07/prweb12828791.htm
[2] https://genie.com/genie-retail-energy/
[3] https://b2icontent.irpass.com/2100/176963.pdf - Page 9 and Page 37
[4] Id. – Page 37
[5] https://residentsenergy.com/who-we-are/serviceable-territories/

16.     In order to solicit business from new consumers, Defendants rely on direct solicitations to consumers, including making telemarketing calls to consumers that have their phone numbers registered on the DNC.[6]

17.     Defendant Genie Retail Energy hires employees that are directly responsible for the telemarketing that is done on behalf of Defendant Residents Energy.

18.     Carlos Guzman is the Senior Director of Sales Support for Defendant Genie Retail Energy.

19.     Guzman verifies the third-party marketers that Defendant Genie Retail Energy contracts with to handle sales on behalf of Genie Retail Energy-owned properties including Defendant Residents Energy. Guzman provides the marketers with training and sales materials, including telemarketing leads:



**Carlos Guzman**
Sr. Director of Sales Support at Genie Energy



**Genie Energy**
5 yrs 11 mos

**Sr. Director of Sales Support**
Jan 2017 – Present · 3 yrs 1 mo
Newark, NJ

Departmental Responsibilities include:
• Third Party Verification (TPV).
• Customer telephone survey.
• Training and sales collateral distribution.
• In-person sales agent branding and apparel distribution.
• Telemarketing Leads & Do Not Call (DNC) Management.
• Monitor enrollment delivery and processing.

**Director of Sales Support & Channel Management**
Feb 2016 – Dec 2016 · 11 mos
Newark, NJ

• Oversee Support activities to ensure adequate service levels are met with all direct sales teams.
• Manage day-to-day activities with all channel partners.
• Oversee all service territory campaigns associated with telemarketing and door-to ...see more[7]

---

[6] https://www.sec.gov/Archives/edgar/data/1528356/000121390018001252/fs32018_genieenergyltd.htm

[7] https://www.linkedin.com/in/carlosjguzman/

4

20.      Sherri Staveski is another example of a Genie Retail Energy employee that is directly involved in telemarketing that is done on behalf of and by Genie Retail Energy-owned companies such as Residents Energy. Steveski is the Senior Director, Residential Contact Center Sales for Genie Retail Energy. She oversees the contact center sales for both internal and external/outsourced Genie Retail Energy business partners. Steveski also manages contact center staff training and sales initiatives:



21.      Plaintiff was called by agents who identified themselves as Defendant Residents Energy. It is unknown whether she was called by Defendants directly or through a third-party calling on behalf of Defendants.

22.      The Federal Communication Commission has provided instruction stating that sellers such as Defendants may not avoid liability by having their telemarketing outsourced:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activies to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the

case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declatory Ruling Concerning the*

*TCPA Rules*, 28 FCC Rcd. 6574, at ¶ 37 (201) (citations omitted).

23.     Consumers are complaining online about unsolicited telemarketing calls made by,

or on behalf of Defendant Residents Energy, including:

**Google.com Reviews:**
- "Received a call from an 'Unavailable' phone number. The person on the line provided a name and ID number, and said that he was from Residents Energy. Of course, he wanted me to get my energy bill, but I said that I didn't know anything about this company, and why doesn't their phone # or company ID show on the phone? He said that they 'phone all over the country', to which I responded what does that have to do with anything? And when I said 'I just don't know anything about you', he said 'I guess you don't', and hung up on me. Nice!'"[9]

**Trustpilot.com Reviews:**
- "They are a scamming company, they violated both the state and federal no call list by contacting me. I have had the same phone number for over 5 years, and I have been on both the Missouri and the national no call list for all of that time."[10]
- "Somehow got my number and WILL NOT STOP CALLING."[11]
- "Called our home. Convinced my husband with Alzheimer's to give them our billing information. I am the account holder and they went ahead anyway and changed our service provider. It required a lengthy phone conversation to reverse this situation."[12]

**Facebook.com Reviews:**
- "Scam calls deceiving residents into switching accounts"[13]
- "Stop lying to people and obey No Soliciting Laws."[14]

**Telemarketing Complaint Sites:**
- "Unsolicited call"[15]

---

[9] https://www.google.com/search?safe=strict&q=residents+energy

[10] https://www.trustpilot.com/review/www.residentsenergy.com

[11] https://www.trustpilot.com/review/www.residentsenergy.com?languages=en&stars=1

[12] *Id.*

[13] https://www.facebook.com/pg/ResidentsEnergyTM/reviews/?ref=page_internal

[14] *Id.*

[15] https://www.shouldianswer.com/phone-number/8145455913

- "Keep calling my number and not leaving a message."[16]

**Better Business Bureau:**
- "Calls continue to my work address, bordering on harassment, misrepresenting that they are a current sub-contractor supplier to my residence, speaking for PSEG. It seems like they are phishing for my meter number to provide discounts/incentives for me to switch against my knowledge, either today or in the future."[17]
- "The salesperson told me it was a mandatory acquisition for everybody in my building which clearly is not. After that he said the call was only to check my information…"[18]
- "My husband is 77 years old and partially deaf, and cannot hear well on the telephone. He was contacted by a telemarketer from Residents Energy, LLC, regarding using them as a supplier"[19]

24.     From the fact that Residents Energy and Genie Retail Energy regularly maintain contact with consumers through the BBB, Facebook and Google Reviews, they are also aware of the above consumer complaints regarding their unsolicited telemarketing to consumers.

25.     By allowing the unlawful telemarketing to continue, whether through Defendants or third-party agents, both Residents Energy and Genie Retail Energy are responsible for this unlawful telemarketing.

**PLAINTIFF DAVIS'S ALLEGATIONS**

**Residents Energy Agents Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering Her Phone Number on the DNC**

26.     On August 21, 2009, Plaintiff Davis registered her cellular telephone number on the DNC in order to avoid receiving unwanted calls.

27.     Plaintiff Davis uses her cell phone for personal use only. The phone number is not associated with a business.

---

[16] https://whocallsme.com/Phone-Number.aspx/8145455913
[17] https://www.bbb.org/us/nj/newark/profile/energy-service-company/residents-energy-llc-0221-90175931/customer-reviews
[18] https://www.bbb.org/us/ny/jamestown/profile/energy-management-consultant/residents-energy-0041-235982193/customer-reviews
[19] https://www.bbb.org/us/ny/jamestown/profile/energy-management-consultant/residents-energy-0041-235982193/complaints

28.     On January 13, 2020 at 3:10 PM, Plaintiff received a call on her cell phone from a Residents Energy agent named Tarick from the phone number 570-260-8412.

29.     The agent Tarick explained to Plaintiff that Pennsylvania was running a program that Plaintiff would qualify for so long as she is a customer of PPL Electric Utilities ("PPL"). The program offers 5% back on Plaintiff's monthly electric bill, plus free LED light bulbs for the entire year. Tarick then explained that there was no contract and Plaintiff could cancel at any time through Residents Energy. All Plaintiff had to provide was provide her name, her husband's name, her address and her PPL account number.

30.     Plaintiff Davis questioned if she would be changing her electric supplier by enrolling in this program. Tarick assured Plaintiff that she was not changing her electric supplier.

31.     Once Tarick gathered the required information from Plaintiff, Plaintiff was asked to answer a pre-recorded service confirmation survey. Plaintiff agreed to do the survey and was answering the questions until she was asked if she agreed to switch her electricity supplier to Residents Energy at a new electricity rate of $0.0792. Plaintiff answered "No" to this question, prompting Tarick to stop the recording and resume his conversation with Plaintiff. Tarick questioned why Plaintiff didn't agree to the switch. Plaintiff explained that she was not interested in switching her electricity company, especially for a higher rate. She then questioned how Residents Energy got her phone number, since it is registered on the DNC. The agent Tarick did not respond and simply hung up the phone.

32.     By the agent hanging up on Plaintiff the moment she told him she was not interested in receiving calls, this practice deprives the Plaintiff from the opportunity to request to have her number added to their do not call list.

33.     Despite making it clear that she was not interested, and despite telling the agent Tarick that her cell phone number is registered on the DNC, Plaintiff Davis received a second

call to her cell phone number from a Residents Energy agent on January 13, 2020, this time at 8:50 PM from the phone number (570) 260-8392.

34.     The agent began the call by questioning why Plaintiff did not complete the survey to switch her electricity company from PPL to Residents Energy. This was a solicitation call, as the agent wanted to convince Plaintiff to switch her electricity company to Residents Energy.

35.     Plaintiff told the agent that her phone number is on the DNC. The agent simply hung up the phone in response, again stopping Plaintiff from being able to tell Defendants to put her number on their do not call list.

36.     Plaintiff does not have a relationship with Residents Energy, Genie Retail Energy, or any of Genie Retail Energy's affiliated companies, nor has she ever requested that Residents Energy call her or consented to any contact from either Defendant.

37.     Simply put, Residents Energy and Genie Retail Energy did not obtain Plaintiff's prior express written consent to place solicitation telephone calls to her on her cellular telephone number.

38.     The unauthorized telephone calls made by Residents Energy, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Davis's use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

39.     Seeking redress for these injuries, Davis, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

40.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) called by or on behalf of Residents Energy and/or Genie Retail Energy, (2) on the person's residential telephone number, (3) two or more times during any twelve month period during which the telephone number was registered on the DNC, and (4) for whom either Defendant claims (a) it obtained prior express written consent in the same manner as either Defendant claims it obtained prior express written consent to call Plaintiff, or (b) the Defendants did not obtain prior express written consent.

**Internal Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) called by or on behalf of Residents Energy and/or Genie Retail Energy, (2) on the person's residential telephone number, (3) two or more times during any twelve month period, (4) while the calling party failed to implement adequate policies and procedures for maintaining an internal do not call list.

41.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against either Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

42.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

43.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Residents Energy/ Genie Retail Energy systematically made multiple telephone calls to Plaintiff other and consumers whose telephone numbers were registered with the DNC;

(b) whether Residents Energy/ Genie Retail Energy or their calling agents failed to implement adequate policies and procedures for maintaining an internal do not call list prior to its calls to Plaintiff and other consumers;

(c) whether Residents Energy/ Genie Retail Energy made calls to Plaintiff and other consumers without first obtaining prior express written consent to make the calls;

(d) whether Residents Energy/ Genie Retail Energy's conduct constitutes a violation of the TCPA;

(e) whether Genie Retail Energy is vicariously liable for Residents Energy's conduct, as well as the conduct of third-parties, if relevant; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

44.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

45.     **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendants' business practices apply to and affect the members of the Classes

uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with

respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally,

the damages suffered by individual members of the Classes will likely be small relative to the

burden and expense of individual prosecution of the complex litigation necessitated by

Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendants' misconduct on an individual basis. A class action

provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Davis and the Do Not Call Registry Class)**

46.     Plaintiff repeats and realleges the paragraphs 1 through 45 of this Complaint and

incorporates them by reference herein.

47.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons

who do not wish to receive telephone solicitations that is maintained by the federal government."

48.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or

entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[20]

49.     Any "person who has received more than one telephone call within any 12-month

period by or on behalf of the same entity in violation of the regulations prescribed under this

---

[20] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG
Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at
https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

50.     Defendant Residents Energy/ Genie Retail Energy violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Davis and the Internal Do Not Call Class)**

53.     Plaintiff Davis repeats and realleges paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

54.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing

13

calls made by or on behalf of that person or entity. The procedures instituted must meet the

following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5

14

years from the time the request is made.

55.    Defendant Residents Energy and/or Defendant Genie Retail Energy, or their agents made marketing calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow either Defendant to initiate telemarketing calls.

56.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

57.    Defendants have, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendants' conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b)  An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c)  An order declaring that Defendants' actions violated the TCPA;

d)  An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**DANELLE DAVIS**, individually and on behalf of those similarly situated individuals

Dated: February 13, 2020

*/s/ Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice Motion forthcoming*

16